UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| IRVING LEONARD JOHNSON, | ) | No. CV 11-03249-SVW (VBK) |
| Petitioner, | ) | ORDER SUMMARILY DISMISSING PETITION FOR LACK OF SUBJECT MATTER JURISDICTION |
| v. | ) | |
| R. K. WONG, | ) | |
| Respondent. | ) | |

On April 15, 2011, Irving Leonard Johnson (hereinafter referred to as "Petitioner") filed a "Petition for Writ of Habeas Corpus"[1] ("Petition"). Petitioner was convicted of "robbery and a 35-year-old murder" in Case No. VA044462 on September 1, 1999 in the Norwalk Superior Court. Petitioner was sentenced to prison for 25 years. (See Petition at 2.) It appears that Petitioner contends that his Sixth Amendment rights were violated in that his prior convictions were not found beyond a reasonable doubt by a jury; rather, they were determined by a Judge.

It appears from the face of the Petition that it is directed to

---

[1] Petitioner has filed his Petition on a state habeas form rather than the habeas form utilized by the United States District Court, Central District of California. See Local Rule 83-16.1.

the same Los Angeles County Superior Court conviction as a prior habeas petition filed by Petitioner in this Court on May 22, 2001, in Case No. CV 01-04571-SVW (VBK).[2] On September 30, 2003, Judgment was entered in Case No. CV 01-04571-SVW (VBK) denying the petition and dismissing the action with prejudice, pursuant to the District Judge's Order approving and adopting the Magistrate Judge's Report and Recommendation.

The Petition now pending is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. 104-132, 110 Stat. 1214)("the Act"), which became effective April 24, 1996. Section 106 of the Act amended 28 U.S.C. § 2244(b) to read, in pertinent part, as follows:

> "(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed unless--
>
> > (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> >
> > (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
> >
> > > (ii) the facts underlying the claim, if proven and

---

[2] The Court takes judicial notice of its own files and records. See Mir v Little Co. of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988). On May 22, 2001, Petitioner filed a "Petition for Writ of Habeas Corpus by a Person in State Custody" which was given Case No. CV 01-04571-SVW (VBK). In this Petition, Petitioner raised the following claims: (1) that Petitioner's sentence of 25 years to life for commercial burglary constitutes cruel and unusual punishment. (See Petition at 6.)

2

>            viewed in light of the evidence as a whole, would be
>            sufficient to establish by clear and convincing evidence
>            that, but for constitutional error, no reasonable factfinder
>            would have found the applicant guilty of the underlying
>            offense.
>
>       (3)(A) <u>Before a second or successive application permitted
>    by this section is filed in the district court, the applicant
>    shall move in the appropriate court of appeals for an order
>    authorizing the district court to consider the application</u>."

The Petition now pending constitutes a second and/or successive petition challenging the same conviction as Petitioner's prior habeas petition, within the meaning of 28 U.S.C. § 2244(b). Thus, it was incumbent on Petitioner under § 2244(b)(3)(A) to secure an order from the Ninth Circuit authorizing the District Court to consider the Petition, prior to his filing of it in this Court. Petitioner's failure to do so deprives the Court of subject matter jurisdiction.

//
//
//
//
//
//
//
//
//
//

For the foregoing reasons, **IT IS ORDERED** that this action be

summarily dismissed pursuant to Rule 4 of the Rules Governing Section 2254 cases in the United States District Court.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:     4/27/11

```
_____
STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE
```

Presented on
April 29, 2011 by:

_____
VICTOR B. KENTON
UNITED STATES MAGISTRATE JUDGE